QUESTIONS: 1. Is there a general law which waives sovereign immunity and authorizes that the state be held liable for the torts of its employees in the fact situation described herein? 2. Does Ch. 112, F.S., authorize the payment in question? 3. May an employee waive the state's sovereign immunity by contract? 4. Is the purchase of life and accident insurance by a state employee at the same time he rents a car and on the same rental contract reimbursable as a proper and legal expenditure of state funds?
SUMMARY: In the absence of a general law so providing, the state is not liable for damages caused to a rental vehicle by the negligence of a state officer or employee. The new Tort Claims Act, s. 768.28, F.S., as amended by Ch. 74-235, Laws of Florida, does not apply to an incident occurring in 1973, and therefore, the Legislature did not by general law waive the state's sovereign immunity so as to cover the factual situation described herein. A waiver of sovereign immunity can only be accomplished by general law properly enacted by the Legislature and may not be accomplished by contract. Chapter 112, F.S., does not authorize payment for the damages to the vehicle caused by the negligence of the employee. Public funds may not be used for reimbursement for the purchase of life and accident insurance on a rental car contract, and such payment is not authorized by Ch. 112. All four questions are answered in the negative. In your letter you describe the following factual situation. "A situation has been presented to this office by the Department of Health and Rehabilitative Services. It appears that an employee of that department rented a car from Fred Drake Leasing without paying the $2, or some similar amount, to protect the vehicle from damages resulting from collision. While using the vehicle, it was damaged in the amount of $269.53. Fred Drake Leasing has submitted a bill for this amount to the Department of Health and Rehabilitative Services which has in turn approved the payment and submitted it to the Division of Accounting and Auditing of the Comptroller's Office for payment. "This office has declined to make payment for the reason that there is no statutory provision for payment of claims for damages incurred by an employee of any state agency. This includes damages to a rented automobile by a state employee. "As you are well aware, the Doctrine of Sovereign Immunity renders the state immune from suit for the wrongful acts of its employees, officers, or agents.
"The Department of Health and Rehabilitative Services does not dispute the fact that the damage to the vehicle was caused by its employee. Apparently, the amount of the damage is likewise not in dispute. However, I would call to your attention paragraph 1 of the lease agreement which states in part: `. . . renter shall be responsible only for the first $100 of collision damage to the vehicle.' "The Department of Health and Rehabilitative Services has called to our attention your holding in AGO 073-18 and relies upon this opinion as the authority for paying the claim submitted by Fred Drake Leasing." There can be no question but that the situation described in your letter contemplates a question of the state's liability for property damages caused by the negligence or alleged negligence of the state employee. Attorney General Opinion 073-18 is not authority for the proposition that the state is liable for the torts of its agents or employees. As you recall, I stated in that opinion: "This conclusion is not, however, a comment on the state's liability arising from the operation of a rental car, generally or in any specific factual situation." The state's sovereign immunity can be waived only by a general law properly enacted by the Legislature. See Art. X, s. 13, State Const., which provides: "Provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating." This provision formerly appeared as Art. III, s. 22, State Const. 1885. It is well settled that only the Legislature by general law has the authority to waive the state's sovereign immunity. This is recognized in the cases of State v. Love, 126 So. 374, and Southern Drainage District v. State, 112 So. 561, and is discussed in State v. Atkinson,188 So. 834, at p. 838 as follows: The Florida Dry Cleaning Laundry Board, being a State instrumentality created by the legislature to exercise sovereign powers, no suit may be maintained against it where the interest of the State in such suit is through some contract or property right, except by consent of the State, which consent may only be effectuated by legislative Act. Such consent can be extended to operate no further than the limitation, if any, which may be prescribed by the legislature in its grant of consent. With the wisdom or policy of a legislative Act limiting the scope of the State's consent to be sued, the courts have no voice. Many authorities are found supporting these enunciations and we have found none nor have we been cited to any holding to the contrary. (Emphasis supplied.) The Legislature recently enacted Ch. 73-313, Laws of Florida, and Ch. 74-235, Laws of Florida, which dealt with the subject of waiver of sovereign immunity. As originally enacted, Ch. 73-313 was to take effect January 1, 1975, and was to apply only to incidents occurring on or after that date. However, the amendment resulting from the enactment of Ch. 74-235, included, among other changes, a change in the effective date making ss. 768.28 and 768.29, F.S., as amended, effective July 1, 1974, for the executive departments of the state, and for all other agencies and subdivisions of the state, the effective date was January 1, 1975. Both acts expressly provided that they were to apply only to incidents occurring on or after those dates. Therefore, the acts do not apply retroactively. The contract, included with your letter of April 29, 1974, indicates an "out" date of October 24, 1973, and an "in" date of November 15, 1973, and reflects a total usage of 22 days and 1,926 miles. This alone would have been sufficient to require inquiry by the preauditor of state funds into the propriety of the payment for the use of a rental vehicle for such a prolonged period of time. At that time, there was no general law in existence whereby the state had waived its sovereign immunity covering the situation described in your letter. Chapter 69-116, Laws of Florida, partially waived sovereign immunity of the state, counties, agencies, and instrumentalities for the torts of officers, employees, or servants committed in this state, and became effective July 1, 1969, to operate prospectively only. However, the act was repealed effective July 1, 1970, although revived as to causes of action which arose during the period from July 1, 1969, to July 1, 1970. As can be seen, the situation discussed in your letter is not embraced therein. Accordingly, the Legislature has not by general law waived the state's sovereign immunity for the torts of its officers, agents, or employees so as to cover the situation described in your letter. Therefore, question number 1 is answered in the negative. For the same reasons, question number 3 is answered in the negative. If only the Legislature has the power to waive the state's sovereign immunity, and if that can only be done by general law, then no state officer, agent, or employee can waive the state's sovereign immunity, by contract or otherwise. As to question 2, it suffices to say that Ch. 112, F.S., contains no language authorizing the payment in question. Section 112.061(2)(h) defines "common carrier" to include rental cars of an established rental car firm. Section 112.061(7)(c) provides: Transportation by common carrier when traveling on official business and paid for personally by the traveler, shall be substantiated by a receipt therefor. Federal tax shall not be reimbursable to the traveler unless the state and other public agencies are also required by federal law to pay such tax. In the event transportation other than the most economical class as approved by the agency head is provided by a common carrier on a flight check or credit card, the charges in excess of the most economical class shall be refunded by the traveler to the agency charged with the transportation provided in this manner. (Emphasis supplied.) As can be seen, there is no authorization contained therein for the payment by the state, either directly or by way of reimbursement, for property damages caused by the negligence of the officer or employee renting the car. Likewise, such a payment is not embraced within any of the incidental traveling expenses covered by s. 112.061(8), F.S. Such authorization cannot be found in s. 112.061(3), F.S., either. Section 112.061(3)(b) limits traveling expenses to those expenses necessarily incurred by them in the performance of a public purpose authorized by law. The expense incurred through the negligent operation of a motor vehicle does not appear to be an expense which would be considered as having been "necessarily incurred" in the performance of a public purpose authorized by law to be performed by the agency as contemplated by Ch. 112, F.S. The obvious purpose of the language in s. 112.061(3)(b) is to prevent travelers, as defined in the act, from obtaining reimbursement for expenses incurred by them for their private benefit, entertainment, or enjoyment. This emphasizes that public funds may be expended only for a public purpose authorized by law and is further intended to circumscribe the specific allowances discussed in s. 112.061(5), (6), (7), and (8) and elsewhere in Chapter 112. Of course, as stated previously, s. 768.28, F.S., as amended by Ch. 74-235, Laws of Florida, has no application to your second question. Question 4 also requires a negative answer. The life or accident insurance which can be purchased on a rental car contract is purely for the private gain or benefit of the employee or other traveler and accordingly would not be reimbursable under Ch. 112, F.S.